IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MATTHEW ROBERT PUSATERI;
DALTON ROBERT PUSATERI,

           Plaintiffs,

    v.

KLAMATH COUNTY COMMUNITY
DEVELOPMENT; EARL PERRY,

           Defendants.

Civ. No. 1:18-cv-00058-MC

**OPINION & ORDER**

McSHANE, District Judge.

    Plaintiffs Matthew Robert Pusateri and Dalton Robert Pusateri seek leave to proceed *in forma pauperis* (IFP) in this civil rights action against Klamath County Community Development (KCCD) and Earl Perry, a Klamath County code enforcement officer. For the reasons set forth below, the Pusateris' Complaint, ECF No. 1, is DISMISSED with leave to amend. The Court defers ruling on the Pusateris' Application for Leave to Proceed IFP, ECF No. 2, pending submission of an amended complaint.

### BACKGROUND

    The Pusateris' Complaint is disjointed and difficult to read. It largely consists of a disconnected recitation of incidents and grievances, apparently involving an unnamed home owner's association (HOA), as well as conflicts between the Pusateris and various private

individuals and Klamath County employees. To the best of the Court's understanding, the Pusateris (1) believe that they are being unfairly targeted by KCCE, which the Court infers to be Klamath County Code Enforcement, and by KCCE officer Earl Perry in particular; and (2) that there are some sort of irregularities in the development of a residential area.

Most of the events described involve Matthew Pusateri. Dalton Pusateri's involvement in the incidents described in the Complaint, if any, remains unclear.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to

'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Complaint in this case is disjointed and difficult to read. Construed liberally, it appears the Pusateris intend to assert 42 U.S.C. § 1983 civil rights claims against KCCD and KCCE officer Earl Perry for violating their right to equal protection and for malicious prosecution of Matthew Pusateri.

Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

## I. Statute of Limitations

Any claim under § 1983 is subject to a statute of limitations. Because § 1983 does not have an express statute of limitations, federal courts borrow the state statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 240-41 (1989). Oregon's two-year statute of limitations for personal injury actions, ORS 12.110(1), applies to the Pusateris' § 1983 claims. *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989).

In this case, the Complaint was filed on January 10, 2018. Any claims that accrued prior to January 10, 2016, are therefore barred by the statute of limitations. Although the Complaint is difficult to parse, it appears that at least some of the Pusateris' claims accrued prior to January 10, 2016.

## II. Malicious Prosecution

Matthew Pusateri alleges that he has been charged with county code violations related to his dwelling or other property and is asserting that he has been subjected to malicious prosecution by KCCD and Earl Perry.

In the context of § 1983, a claim for malicious prosecution is not generally available if there an adequate remedy within the state system. *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985). As an exception to this general rule, a plaintiff may maintain a § 1983 claim when "a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights." *Id.*; *Usher v. City of Los Angeles*, 828 F.2d 556, 561-62 (9th Cir. 1987). Assuming the claim falls within the exception, a plaintiff alleging malicious prosecution under § 1983 must establish (1) the elements of the state law tort, and (2) an intent to deprive the plaintiff of a constitutional right. *Westwood v. City of Hermiston*, 787 F. Supp.2d 1175, 1205 (D. Or. 2011).

To establish malicious prosecution under Oregon law, a plaintiff must prove (1) the defendant initiated or prosecuted a judicial proceeding against the plaintiff; (2) the proceeding terminated in the plaintiff's favor; (3) the defendant lacked probable cause to prosecute the action; (4) the defendant acted with malice or with the "primary purpose other than securing an adjudication of the claim by the defendant,"; and (5) the plaintiff suffered damages. *Perry v. Rein*, 215 Or. App. 113, 125 (2007).

Critically, an individual "seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) (citing *Heck v. Humphrey*, 512 U.S. 447, 484-85 (1994)); *see also Manita v. Hanson*, 190 Or. App. 412, 419-20 (2003) (to plead a state common law claim for malicious prosecution, a plaintiff must allege, among other things, that the proceeding terminated in the plaintiff's favor.).

In this case, the Pusateris do not allege that the code violation prosecution was resolved in their favor. Indeed, some of the allegations in the Complaint suggest that the code enforcement action is ongoing before a county administrative court.[1] Nor do the Pusateris clearly allege that Perry and KCCD lacked probable cause to bring the code enforcement action against Matthew Pusateri. At points, the Pusateris appear to admit that their property is not compliant with the county code, but argue that mitigating factors should weigh in their favor. Such arguments would be more properly presented to the Klamath County court responsible for adjudicating code violations.

---

[1] If the case is ongoing, the *Younger* abstention doctrine is implicated. *Younger v. Harris*, 401 U.S. 37 (1971). Absent extraordinary circumstances, federal courts must decline to interfere with a pending state court proceeding if the state court proceedings are (1) ongoing; (2) implicate important state interests; and (3) provide the plaintiff with an adequate opportunity to litigate federal claims. *San Remo Hotel v. City and Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998). This extends to state administrative proceedings that are "judicial in nature." *Id.*

### III. Equal Protection

Construed liberally, it appears the Pusateris are attempting to assert an equal protection claim based on selective enforcement of the county code. Where state action does not implicate a fundamental right or suspect classification, a plaintiff can establish a "class of one" equal protection claim by alleging he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. Of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted). Disparate treatment by a government entity is permissible provided it bears a rational relationship to a legitimate state interest. *See, e.g., New Orleans v. Dukes*, 427 U.S. 297, 303-04 (1976).

To prevail on an equal protection claim based on selective enforcement, "a plaintiff must demonstrate that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 920 (9th Cir. 2012) (en banc). To prove discriminatory effect, the claimant must show that similarly situated individuals were not prosecuted. *Id.* However, selective enforcement of valid laws, without more, is insufficient to show there was no rational basis for the action. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1188 (9th Cir. 1995). To establish an equal protection claim, the asserted rational basis for selectively enforcing the law must also be a pretext for an impermissible motive. *Id.* at 1187.

The standard for proving discriminatory effect "is a demanding one," but to state a claim, a plaintiff "need only allege some facts, either anecdotal or statistical, demonstrating that similarly situated defendants could have been prosecuted, but were not." *Lacey*, 693 F.3d at 920. (internal quotation marks and citation omitted).

Even under this relatively relaxed standard, the Pusateris have not stated a claim. It is not clear, for instance, what code violations Matthew Pusateri has been charged with violating. And

although the Complaint contains a conclusory reference to neighbors who were not cited for code violations, it lacks sufficient facts "either anecdotal or statistical" to establish that the neighbors were "similarly situated" or otherwise support a claim of selective enforcement. As discussed below, the Court concludes that these deficiencies might be remedied by amendment.

## IV. OTCA

To the extent that the Pusateris intended to bring state law tort claims against Defendants, they must comply with the requirements of the Oregon Tort Claims Act (OTCA), ORS 30.260-300. "The Oregon Tort Claims Act provides an exclusive remedy for pursuing a tort claim against a public body." *Plumeau v. Sch. Dist. No. 40 Cnty of Yamhill*, 130 F.3d 432, 436 (9th Cir. 1997). The OTCA requires plaintiffs to give notice of their claims to the public body in question, usually within 180 days after the alleged loss or injury. ORS 30.275(2)(b). The notice period for the OTCA "beings to run when the plaintiff knows, or in the exercise of reasonable care should have known, facts which would make a reasonable person aware of a substantial possibility that a tort action exists." *Id.* (internal quotation marks, alteration, and citation omitted). The burden is on the plaintiff to show the notice was timely. ORS 30.275(7).

In this case, the Pusateris do not mention any notice given to Defendants and the Court notes some of the incidents referenced in the Complaint appear to have occurred more than 180 days before the filing of the Complaint.

## V. Leave to Amend

Despite reading the Complaint several times, the Court is not sure what the case is about. Some of the facts make sense, but it is unclear how they relate to any specific constitutional violation. The Pusateris' Complaint needs to be clarified and the Court will therefore dismiss with leave to amend. In preparing their amended complaint, the Pusateris need to be specific

about their claim or claims. For example, the Pusateris should say "This is an equal protection claim," or "This is a claim for malicious prosecution." The Pusateris should also clarify the specific facts that support each claim and explain how they have been harmed by the acts of Defendants. Also, the Pusateris should bear in mind that the Court does not know anything about the people and events being described, other than what the Pusateris include in the amended complaint. For example, the Complaint tells the Court to "see Docs" or "see Public Record," but no documents have been included. When discussing people and events, the Pusateris should take special care to explain who those people are and how they relate to the Pusateris' claims.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiffs shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiffs are advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal. The Court defers ruling on Plaintiffs' IFP petition pending the filing of the amended complaint.

It is so ORDERED and DATED this <u>18th</u> day of January, 2018.

                                                  s/Michael J. McShane  
                                                  MICHAEL McSHANE  
                                                  United States District Judge